IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRIOT GENERAL INSURANCE COMPANY, | : |
| | : |
| Plaintiff/Counterclaim-Defendant, | : |
| | : CIVIL ACTION NO. |
| | : 1:12-CV-0997-RWS |
| v. | : |
| | : |
| LISA KREBS, | : |
| | : |
| Defendant, | : |
| | : |
| and | : |
| | : |
| CARMEN McREYNOLDS, | : |
| | : |
| Defendant/Counterclaim-Plaintiff. | : |

**ORDER**

This case comes before the Court on Defendant/Counterclaim-Plaintiff Carmen McReynolds's Motion for Reconsideration of Order Granting Motion to Dismiss [55], Defendant Lisa Krebs's Motion to Quash [57], and Plaintiff/Counterclaim-Defendant Patriot General Insurance Company's Motion to Compel Defendant Lisa Krebs to Produce Documents [83]. After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

I.  **Defendant/Counterclaim-Plaintiff Carmen McReynolds's Motion for Reconsideration of Order Granting Motion to Dismiss ("Motion for Reconsideration") [55]**

Defendant/Counterclaim-Plaintiff Carmen McReynolds ("McReynolds") moves the Court to reconsider its Order, granting in part and denying in part Plaintiff/Counterclaim-Defendant Patriot General Insurance Company's ("Patriot General") Motion to Dismiss (Dkt. [29]) McReynolds's counterclaims (Order, Dkt. [48]).  McReynolds asserted claims for common law bad faith or negligent[1] refusal to settle (Count I); attorney's fees under O.C.G.A. § 13-6-11 (Count II); punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count III); breach of contract (Count IV); and bad faith under O.C.G.A. § 33-4-6 (Count V).  In the Order now challenged by McReynolds, the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissed McReynolds's counterclaims for bad faith refusal to settle (Count I); punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count III); breach of contract (Count IV);

---

[1] Although this Count is only captioned "<u>Bad Faith</u> Failure to Settle under the Common Law," the Court deemed this Count to raise an alternative claim for <u>negligent</u> refusal to settle, in light of McReynolds's allegation that "Patriot General <u>negligently</u>, in bad faith and with a specific intent to injure failed to settle Ms. Krebs' [sic] claims . . . ."  (Answer & Counterclaims of Carmen McReynolds ("McReynolds's Counterclaims"), Dkt. [15] at 23 ¶ 49.)

2

and bad faith under O.C.G.A. § 33-4-6 (Count V).  (Order, Dkt. [48] at 20.) McReynolds seeks reconsideration of these rulings.

A. Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Pres.

3

AO 72A
(Rev.8/82)

Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

> B. Analysis
>
>> 1. *Bad Faith Refusal to Settle (Count I), Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1 (Count III), & Bad Faith under O.C.G.A. § 33-4-6 (Count V)*

In its prior Order, the Court held that McReynolds's claim for bad faith refusal to settle (Count I) failed as a matter of law under the Georgia Court of Appeals decision in Southern General Insurance Company v. Wellstar Health Systems, Inc., 726 S.E.2d 488, 493-94 (Ga. Ct. App. 2012).  (Order, Dkt. [48] at 10-15.)  As stated in the Court's prior Order, in Wellstar, the court ruled that an insurance company can create a "safe harbor" from liability for bad faith failure to settle when two conditions are satisfied: "when (1) the insurer promptly acts to settle a case involving clear liability and special damages in excess of the applicable policy limits, and (2) the sole reason for the parties' inability to reach a settlement is the plaintiff's unreasonable refusal to assure the satisfaction of any outstanding hospital liens." Id. at 493 (emphasis in original).  The Court found this standard satisfied and, accordingly, found McReynolds's counterclaim barred as a matter of law.  (Order, Dkt. [48] at 14-15.)  On this

4

basis, the Court also denied McReynolds's counterclaims for punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count III) and bad faith under O.C.G.A. § 33-4-6 (Count V).  (Id. at 18.)

McReynolds now argues that the Court, in finding McReynolds's counterclaim for bad faith refusal to settle barred under Wellstar, impermissibly accepted as true Patriot General's allegations that Krebs failed to respond to its requests that the parties resolve the issue of the hospital liens as part of a settlement agreement.  (McReynolds's Mot. for Reconsideration, Dkt. [55] at 2-6.)  She further argues that the Court erred by applying the Wellstar safe harbor "without considering the nature of Patriot General's counteroffer."  (Id. at 6.) McReynolds contends that "[t]he nature of the counteroffer is relevant to whether Krebs's refusal to accept the counteroffer was 'unreasonable' under Wellstar."  (Id.)  The Court agrees with these arguments and finds reconsideration of its ruling warranted.

Considering McReynolds's arguments and the allegations raised in her Answer and Counterclaims, the Court agrees that there is a question of what transpired after Patriot General made its counteroffer, precluding the Court from ruling as a matter of law that the Wellstar safe harbor applies.  That is, the

Court cannot rule on the basis of the facts alleged in the Answer and Counterclaims that Krebs was silent in the face of Patriot General's attempts to resolve the hospital liens as part of a settlement agreement.  It remains apparent from McReynolds's own pleading that the only basis for the parties' failure to reach a settlement agreement was their inability to resolve the hospital liens. The Court cannot rule as a matter of law, however, that this failure was due to <u>unreasonable</u> conduct on the part of Krebs.

Accordingly, McReynolds's Motion for Reconsideration is **GRANTED**. On reconsideration, the Court **DENIES** Patriot General's Motion to Dismiss [29] as to McReynolds's counterclaim for bad faith refusal to settle (Count I). The Court also **DENIES** Patriot General's Motion to Dismiss [29] as to McReynolds's counterclaims for punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count III) and bad faith under O.C.G.A. § 33-4-6 (Count V).  These claims thus are reinstated.

   2.   *Breach of Contract (Count IV)*

In its prior Order, the Court dismissed McReynolds's counterclaim for breach of contract (Count IV), which counterclaim was based on the allegation that Patriot General breached its contractual obligation to pay the limits of the

6

policy to satisfy a portion of the judgment against McReynolds. (McReynolds's Answer and Counterclaim, Dkt. [15] at 25 ¶ 55.) The Court found this claim to fail as a matter of law in light of the fact that Patriot General had paid the policy limits into the registry of the court in the underlying action. (Order, Dkt. [48] at 17-18.)

In support of her Motion for Reconsideration, McReynolds renews arguments made in opposition to Patriot General's Motion to Dismiss, namely, that payment of the policy limits into the court registry does not discharge Patriot General's contractual obligations. The Court has considered McReynolds's arguments and finds that they do not warrant reconsideration of the Court's prior ruling. Accordingly, McReynolds's Motion for Reconsideration is **DENIED** with respect to the Court's ruling on her breach of contract counterclaim, which claim properly was dismissed.

## II.     Defendant Lisa Krebs's Motion to Quash [57]

Pursuant to Rule 45(a)(3), Defendant Lisa Krebs ("Krebs") moves the Court to quash a Subpoena for the Production of Documents (the "subpoena") served by Patriot General on The Cooper Firm. Krebs argues that the subpoena seeks privileged and otherwise protected information, is unduly burdensome

7

and overbroad, and seeks documents that are not likely to lead to discovery of admissible evidence. (See generally Dkt. [57] (citing Rule 45(a)(3)(A)(i), (iii), and (iv)).) She also argues that the subpoena gives The Cooper Firm an unreasonable amount of time within which to comply. (Id. at 4.) Patriot General opposes the motion on several grounds. (See generally Pl./Counterclaim-Def. Patriot General Insurance Company's Resp. to Def. Lisa Krebs's Motion to Quash ("Patriot General's Response"), Dkt. [62].) For example, Patriot General argues that Krebs, who is not the recipient of the subpoena, lacks standing to challenge it except on grounds of privilege, and that Krebs has failed to show that the documents sought by the subpoena are privileged. (See generally id.)

The Court finds that the Motion to Quash is due to be **GRANTED** with respect to document category 1, which calls for production of "[a]ny and all Documents relating to the Underlying Litigation, including but not limited to pleadings, discovery, notes, memoranda, correspondence, emails, and settlement agreements." (Subpoena for Production of Documents, Dkt. [57-1] at 10 of 12, ¶ 1.) The Court finds this document request unduly broad. The Motion to Quash is due to be **DENIED**, however, with respect to the remaining

8

categories of documents.  As Patriot General argues, because Krebs is not the recipient of the subpoena, she lacks standing to challenge the requests on grounds that they are unduly burdensome or fail to give The Cooper Firm a reasonable amount of time within which to comply.  Moreover, Krebs has failed to show that the documents sought are privileged or otherwise protected from disclosure.  Accordingly, with the exception of document category 1, The Cooper Firm is hereby **ORDERED** to produce documents responsive to the subpoena within **21 days** from the date of entry of this Order.  To the extent the subpoena calls for disclosure of privileged or otherwise protected material, The Cooper Firm must assert the privilege or claim protection from disclosure in accordance with the procedure set forth in the Federal Rules of Civil Procedure.

### III.   Plaintiff/Counterclaim-Defendant Patriot General Insurance Company's Motion to Compel Defendant Lisa Krebs to Produce Documents [83]

Pursuant to Rule 37(a)(1), Patriot General moves the Court to compel Krebs to produce documents responsive to Requests 2, 3, 4, 5, and 9 of Patriot General's First Request for the Production of Documents to Defendant Lisa Krebs.  (See generally Dkt. [83].)  Krebs objected to Requests 2, 3, 4, and 9 in their entireties, refusing to produce any documents responsive thereto.  (Def.

9

Lisa Krebs's Response to Patriot General Insurance Company's First Request for Production of Documents, Dkt. [83-3] ¶¶ 2, 3, 4, and 9.)  Krebs responded to Request 5 by producing one document.  (Id. ¶ 5.)  The disputed Requests and Responses are as follows:

> 2. All Documents that refer or relate to the Underlying Litigation.
>
>> **Response:** Defendant objects to this Interrogatory on grounds that it seeks information which is protected by attorney/client privilege and attorney work product. In addition, Defendant further objects that the request is broad and unduly burdensome.  It is unduly burdensome for Krebs and her attorneys to produce documents which are already available to Patriot in the underlying case, which has spent many years in the Georgia appellate system.
>
> 3. All Documents that refer or relate to any proposed or final Settlement of the Underlying Litigation, or any claims asserted therein, including but not limited to settlement agreements and drafts thereof and all Communications regarding settlement negotiations.
>
>> **Response:** Defendant objects to this Request on grounds that it seeks documents which are protected by attorney/client privilege.  Defendant further objects on the basis that this Request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Krebs's settlement in the Underlying Litigation was subject to a confidentiality clause.

10

4. All Documents that refer or relate to any liens asserted by any medical or health care provider, for fees, costs and expenses charged in connection with the treatment of injuries You sustained in the Accident, including but not limited to documents relating to the assertion, negotiation, settlement and release of each lien.

   **Response:** Defendant objects to this Request on grounds that it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant identified the settlement amount with Grady Hospital in her response to Patriot General's First Interrogatories.

5. All Documents that reflect, refer or relate to Your willingness, desire or intention to settle Your claims against Ms. McReynolds.

   **Response:** Krebs is producing a copy of her demand dated August 24, 2005.

9. All Documents that embody, constitute, reflect, refer or relate to Communications regarding the lien asserted by Grady Hospital for charges relating to injuries You sustained in the Accident.

   **Response:** Defendant objects to this Request on the grounds that it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant identified the settlement amount with Grady Hospital in her response to Patriot General's First Interrogatories.

The Court finds Krebs's objections to the foregoing Requests for

Production of Documents to be without merit, with the exception of her

11

objection to Request 2.  The Court finds Request 2 to be overly broad, and therefore **DENIES** Patriot General's Motion to Compel Krebs to produce documents responsive to that Request.  The Motion to Compel is **GRANTED** with respect to Requests 3, 4, 5, and 9.  Accordingly, Krebs is **ORDERED** to produce all documents responsive to these requests within **21 days** from the date of entry of this Order.[2]  To the extent these requests call for privileged or otherwise protected material, Krebs must assert the privilege or claim protection from disclosure in accordance with the procedure set forth in the Federal Rules of Civil Procedure.

## Conclusion

In accordance with the foregoing, Defendant/Counterclaim-Plaintiff Carmen McReynolds's Motion for Reconsideration of Order Granting Motion to Dismiss [55] is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** with respect to the Court's rulings on Patriot General's Motion to Dismiss [29]

---

[2] With respect to Request 5, Krebs contends that she has produced the only document responsive to that Request.  (Nov. 5, 2012 Letter from Krebs's Counsel to Patriot General's Counsel, Dkt. [83-5] at 2 of 5, ¶ 5.)  The Court notes that Patriot General shall be entitled to rely on this assertion, and Krebs shall be prohibited from introducing into evidence documents that are responsive to this Request, unless those documents were properly disclosed to Patriot General during discovery.

12

McReynolds's counterclaims for bad faith refusal to settle (Count I), punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count III), and bad faith under O.C.G.A. § 33-4-6 (Count V); on reconsideration, Patriot General's Motion to Dismiss [29] is **DENIED** with respect to these claims, which claims therefore are reinstated.  It is **DENIED** with respect to the Court's ruling on Patriot General's Motion to Dismiss [29] McReynolds's counterclaim for breach of contract (Count IV), which claim properly was dismissed.

Defendant Lisa Krebs's Motion to Quash [57] is **GRANTED in part** and **DENIED in part**.  Finally, Plaintiff/Counterclaim-Defendant Patriot General Insurance Company's Motion to Compel Defendant Lisa Krebs to Produce Documents [83] is **GRANTED in part** and **DENIED in part**.

**SO ORDERED**, this   7th   day of March, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13

AO 72A
(Rev.8/82)